UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES P. MARKEY,

                              Plaintiff,

                                                                       **DECISION AND ORDER**
               v.                                                                 10-CV-377A

CAMERON COMPRESSION SYSTEMS,

                              Defendant.

---

## I.    INTRODUCTION

Pending before the Court is a motion by defendant Cameron Compression Systems (Dkt. No. 3) to dismiss the third cause of action in plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). In that cause of action, plaintiff alleges that defendant failed to pay unspecified overtime hours in violation of the Fair Labor Standards Act ("FLSA").[1] Defendant seeks dismissal of plaintiff's third cause of action as untimely, claiming that any allegedly unpaid overtime accrued outside the FLSA's standard two-year limitations period and that plaintiff has not alleged the conduct that would be necessary to invoke the FLSA's special three-year limitations period for willful violations. Plaintiff concedes that the word "willful" does not appear in the

---

[1] 52 Stat. 1060 (codified as amended in scattered sections of 29 U.S.C.).

complaint but contends that the three-year limitations period applies because he has alleged an intentional failure to pay overtime. The Court has deemed the motion submitted on papers under FRCP 78(b). For the reasons below, the Court denies the motion.

## II.  BACKGROUND[2]

This case concerns allegations that defendant gradually squeezed plaintiff out of his engineering job because it did not want to accommodate his disabilities. Plaintiff is an engineer who worked for defendant from October 1995 to November 2007. Plaintiff held various titles during his time with defendant, including Disposition Engineer, Engineer II and III, and Senior Aftermarket Engineer. Although he was always capable of performing the work asked of him, plaintiff did develop several disabilities from February 2003 to November 2007. These disabilities included repeated bouts of carpal tunnel syndrome, which was an on-the-job injury; left shoulder and bilateral knee surgeries; lumbar surgery; cervical fusion surgery; ankylosing spondylitis; and stress-related pituitary and adrenal gland failure. Though not relevant to the pending motion, the bulk of plaintiff's complaint, filed on May 6, 2010, details how plaintiff struggled over several years to obtain reasonable accommodations for his

---

[2] For brevity and in recognition of the factual standard under FRCP 12(b)(6), the Court will avoid repeated use of the word "alleged" when summarizing plaintiff's factual allegations.

disabilities; to ensure that his pay grade matched the duties that defendant assigned him at any particular time; to understand why defendant repeatedly passed him over for promotions or higher-paying positions even when co-workers told him that he was the most qualified bidder; and to overcome retaliatory criticism when he would complain about defendant's failure to accommodate his disabilities or to consider him for promotions. The first two of plaintiff's three causes of action distill these issues into assertions that defendant violated the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12165, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

The portions of plaintiff's complaint relevant to the pending motion concern allegations of unpaid overtime. Plaintiff generally was an "exempt" employee not subject to the FLSA's overtime provisions. Nonetheless, defendant required plaintiff to perform "non-exempt" clerical, administrative, and physical lifting tasks at unspecified but periodic times from 2003 to 2007. These tasks would have required payment at overtime rates, but plaintiff was not properly compensated for his non-exempt work. Plaintiff complained to defendant about the lack of proper compensation, but defendant took no corrective action. Toward the end of his time with defendant, when defendant's retaliatory conduct became more pronounced, plaintiff "was told that he had to work 50–55 hours per week [despite physician orders to work fewer hours], which included continuing to do 'non-exempt' work and that there would be

3

'absolutely no reduced hours or any limitations or restrictions,' 'no light or medium duty,' and no job accommodations." (Dkt. No. 1 at 12 ¶ 46.) When plaintiff confronted defendant on several occasions with the corporate policies that defendant was violating through its approach to plaintiff, defendant responded each time by stating that "Buffalo Aftermarket does not follow corporate policies." (*Id*. at 13 ¶ 46.)[3] Accordingly, plaintiff states in the third of his three causes of action that he worked hours that would be considered non-exempt overtime hours under the FLSA, but that he did not receive overtime compensation.

The pending motion to dismiss centers on the timeliness of plaintiff's third cause of action. Defendant asserts that none of plaintiff's allegations concerning overtime rises to the level of a willful violation of the FLSA, which means that plaintiff's allegations fall under the FLSA's general two-year limitations period. From there, defendant notes that plaintiff stopped working for it in November 2007 and filed the complaint on May 6, 2010, more than two years after the newest FLSA violation would have accrued.[4] As a result, all of plaintiff's

---

[3] This reference to an entity called "Buffalo Aftermarket" is confusing because the parties never explain what this entity is or how it relates to defendant. Because defendant never challenges the reference, however, the Court will assume that this entity is another name for defendant.

[4] The parties do not dispute that FLSA violations accrue "when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. § 790.21(b).

4

allegations concerning overtime are untimely, which requires dismissal of the third cause of action. In opposition to the pending motion, plaintiff concedes that his allegations concerning overtime would be untimely if placed under the general two-year limitations period. Plaintiff refutes defendant's argument about willfulness, however, by noting that he has alleged an intentional refusal to correct underpayment of overtime even if his allegations do not use the word "willful."

## III. DISCUSSION

As an initial matter, the Court notes briefly that it will proceed through each side's arguments by "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted).

As the parties' papers have made plain, the outcome of the pending motion hinges on whether plaintiff has pled sufficiently willful conduct to avail himself of a longer limitations period. Under the FLSA, "every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "In common usage the word 'willful' is considered synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.' The word 'willful' is

5

widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent.  The standard of willfulness that was adopted in *Thurston*[5]—that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute—is surely a fair reading of the plain language of the Act." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citation omitted); *see also, e.g., Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (citations omitted).

Plaintiff's allegations of being ignored when he raised the issue of overtime compensation are central to the resolution of the pending motion.  Accepting all of plaintiff's allegations as true for purposes of this motion, plaintiff complained to defendant on more than one occasion that he was working non-exempt hours that required overtime compensation under the FLSA.  Each time, defendant ignored plaintiff's request for appropriate compensation and continued to assign him non-exempt hours.  Defendant thus cannot say that, as a matter of law, it was unaware of plaintiff's concerns or of its obligations under the FLSA.  Additionally, even if defendant tried to claim that it forgot about plaintiff's concerns, a repeated forgetting coupled with a repeated continuation of the same practices would be unlikely.  Under these circumstances, plaintiff did

---

[5] *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985).

not need to use the actual word "willful" to plead successfully that defendant intentionally violated the FLSA. The three-year limitations period thus applies, and plaintiff's third cause of action will remain in place subject to dispositive motion practice at the close of discovery.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion (Dkt. No. 3).

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 11, 2011